# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TEVIUS STAFFORD TURNER,

        Petitioner,      :      Case No. 3:22-cv-303

  - vs -                            District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

WARDEN, Marion Correctional
  Institution,

                                    :
        Respondent.

## DECISION AND ORDER DENYING MOTION TO STAY

Petitioner Tevius Turner brought this habeas corpus action under 28 U.S.C. § 2254 with the assistance of counsel to challenge his conviction in the Clark County Court of Common Pleas (Petition, ECF No. 1). The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the workload in the District (ECF No. 18).

Upon transfer the undersigned notes the pendency of Petitioner's Motion to Stay (ECF No. 13). Respondent has asserted that Petitioner's claim of ineffective assistance of appellate counsel is unexhausted (Return of Writ, ECF No. 9, PageID 1294, quoting ¶ 24 of the Petition). Petitioner filed the instant Motion in response, seeking a stay pending exhaustion of the ineffective assistance of appellate counsel claim by filing an Application for Reopening under Ohio R. App. P. 26(B). Respondent opposes a stay, noting that the 26(B) application would be untimely and the ineffective assistance of appellate counsel claim is in any event meritless (Response, ECF No. 15, PageID 1332). Petitioner has not filed a reply in support of the Motion.

1

The Second District Court of Appeals rendered it decision in the appeal in which Turner allegedly received ineffective assistance on June 30, 2021. Ohio R. App. P. 26(B)(1) sets a deadline of ninety days from judgment for filing a 26(B) application; in this case that date would have been December 27, 2021. Petitioner had not filed a 26(B) Application as of the date Respondent raised the issue, February 13, 2023, 503 days after judgment. Perhaps more to the point, Petitioner has still not as of the date of this order filed the 26(B) application, 769 days after judgment[1].

The authority of District Court to stay habeas cases pending exhaustion was recognized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

Without any comment on the merits of the ineffective assistance of appellate counsel claim, the Magistrate Judge finds Petitioner has not shown good cause for the lengthy delay in presenting this claim to the state court. Accordingly, the Motion for Stay is DENIED.

---

[1] The online docket of the Clark County Court of Appeals shows no such filing as of the date of this Order.

**Conclusion**

From the Magistrate Judge's observation of the docket, it appears the case is now ripe for decision on the merits in the ordinary course of the Court's business.

November 6, 2023.

s/ *Michael R. Merz*<br>
United States Magistrate Judge