# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TEVIUS STAFFORD TURNER,

                    Petitioner,          :     Case No. 3:22-cv-303

     - vs -                           District Judge Walter H. Rice
                                       Magistrate Judge Michael R. Merz

WARDEN, Marion Correctional
   Institution,

                                    :
                  Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought by Petitioner Tevius Turner under 28 U.S.C. § 2254 with the assistance of counsel to challenge his conviction in the Clark County Court of Common Pleas (Petition, ECF No. 1). The relevant pleadings are the Petition (ECF No. 3), the State Court Record (ECF No. 8), the Return of Writ (ECF No. 9) and Petitioner's Reply (ECF No. 16).

**Litigation History**

In September 2016, a Clark County Grand Jury returned an indictment charging Turner with one count of aggravated murder in violation of Ohio Revised Code § 2903.01(A) with a firearm specification (Count 1), one count of murder in violation of Ohio Revised Code § 2903.02(A) with a firearm specification (Count 2), one count of felony murder in violation of Ohio Revised Code § 2903.02(B) with a firearm specification (Count 3), one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) (Count 4), one count of tampering with evidence in violation with Ohio

1

Revised Code § 2921.12(A)(1) (Count 5), and one count of improper handling of firearms in a motor vehicle in violation with Ohio Revised Code § 2923.16(B) (Count 6). (State Court Record, ECF No. 8, Ex. 1).

On August 11, 2017, a trial jury found Turner guilty of purposeful murder with a firearm specification, felony murder with a firearm specification, felonious assault, tampering with evidence, and improperly handling of a firearm in a motor vehicle. At sentencing, the trial court merged the purposeful murder, felony murder, and felonious assault counts as allied offenses of similar import and sentenced Turner to a term of imprisonment of eighteen years to life.

Turner appealed to the Ohio Second District Court of Appeals which reversed the purposeful murder conviction and sustained an assignment of error regarding a reckless homicide instruction. *State v. Turner*, Case No. 2017-CA-78 (Ohio App. 2d Dist. Jan. 18, 2019)(Copy at State Court Record. ECF No. 8, Ex. 23)("*Turner I*").  Turner did not appeal to the Ohio Supreme Court.

On remand, the Common Pleas Court sentenced Turner to life in prison for felony murder plus a three-year prison term for the attached firearm specification.  (State Court Record, ECF No. 8, Ex. 28).  Turner appealed, but the Second District affirmed. *State v. Turner*, 2021-Ohio-2216 (Ohio App. 2nd Dist. Jun. 30, 2021)(Copy at State Court Record. ECF No. 8, Ex. 36)("*Turner II*"), appellate jurisdiction declined, 165 Ohio St.3d 1426 (2021).

Turner filed his Petition in this Court on October 26, 2022 (ECF No. 1), pleading two grounds for relief:

> **Ground One**: Denial of the right to a trial by jury and the effective representation of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

> **Ground Two:**  Denial of speedy trial rights as guaranteed by the Sixth and Fourteen Amendments to the United States Constitution.

# Analysis

**Ground One:   Denial of Trial by Jury; Ineffective Assistance of Appellate Counsel**

In his First Ground for Relief, Turner makes two claims:  he was denied his right to trial by jury when the jury was not given a lesser included offense instruction on reckless homicide and he received ineffective assistance of appellate counsel when his appellate attorney did not raise this as an assignment of error in *Turner II*.

**Jury Instruction Claim**

Respondent defends on the jury instruction claim by noting that the Second District Court of Appeals held in this case that reckless homicide was not a lesser included offense of felony murder:

> ¶ 12 Turner also claims that a retrial was necessary because it was the only way to remedy the trial court's failure to provide a reckless homicide jury instruction given that reckless homicide is also a lesser included offense of felony murder. The Supreme Court of Ohio, however, has explicitly held that "reckless homicide is not a lesser included offense of felony murder."

*Turner II*, relying on *State v. Owens*, 162 Ohio St. 3d 596, 2020-Ohio-4616, 166 N.E.3d 1142, ¶ 1.  Whether or not reckless homicide is a lesser included offense of felony murder under Ohio law is, of course, a question of state law on which this Court is bound to follow state court decisions, even those made in the case in suit.  *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction,

3

binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

Habeas corpus relief is available only if a conviction violates the United States Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). The test is whether the relevant state court decision is contrary to or an objectively unreasonable application of clearly established federal law, measured against precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000); *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012).

The Supreme Court has never held the Constitution requires lesser-included offense instructions in a non-capital case. *McMullan v. Booker*, 761 F.3d 662, 667 (6th Cir. 2014); *see also Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) ("[T]he Constitution does not require a lesser-included offense instruction in non-capital cases." (citing *Bagby v. Sowders*, 894 F.2d 792, 795–97 (6th Cir. 1990) (en banc)). Therefore, even if reckless homicide were a lesser included offense of felony murder under Ohio law, it is not clearly established federal constitutional law that a lesser-included-offense instruction must be given in a non-capital case.

**Ineffective Assistance of Appellate Counsel**

Turner also claims in his First Ground for Relief that he received ineffective assistance of appellate counsel when his appellate attorney did not raise his jury instruction claim in *Turner II*. Respondent asserts this claim is procedurally defaulted (Return of Writ, ECF No. 9, PageID 1306).

4

In Ohio criminal practice, claims of ineffective assistance of appellate counsel are required to be presented by an application to reopen the appeal under Ohio R. App. P. 26(B). *Carter v. Mitchell,* 693 F.3d 555, 564 (6th Cir. 2012). In the Return, Respondent pointed out that Turner had never filed such an application. *Id.* at PageID 1306. In response, Turner moved this Court for a stay so that he could pursue a 26(B) application (ECF No. 13, filed April 21, 2023). After transfer of the Magistrate Judge reference, the undersigned denied a stay, noting:

> The Second District Court of Appeals rendered it decision in the appeal in which Turner allegedly received ineffective assistance on June 30, 2021. Ohio R. App. P. 26(B)(1) sets a deadline of ninety days from judgment for filing a 26(B) application; in this case that date would have been December 27, 2021. Petitioner had not filed a 26(B) Application as of the date Respondent raised the issue, February 13, 2023, 503 days after judgment. Perhaps more to the point, Petitioner has still not as of the date of this order filed the 26(B) application, 769 days after judgment.

(Decision and Order, ECF No. 13, PageID 1359).

In his Traverse, Turner defends against the procedural default claim by noting that he had filed the Motion for Stay (ECF No. 16, PageID 1342). However, he had not by then filed a 26(B) application and still had not done so by the date the stay was denied. Of course he did not need a stay of these proceedings in order to file the application nor did the pendency of the Motion for Stay extend the date for filing.

Turner correctly cites the standard for deciding procedural default issues. The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001);

*Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

In applying the *Maupin* standard, the Court finds that there is an applicable Ohio procedural rules that requires 26(B) applications to be filed within ninety days of the appellate court decision. The Court of Appeals has not actually enforced this rule against Turner because he has never given them occasion to do so by actually filing such an application.  However, the Sixth Circuit has found that "'the time constraints of Rule 26(B) [have been] firmly established and regularly followed.'" *Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir.  2012), *quoting Hoffner v. Bradshaw*, 622 F.3d 487, 504-05 (6th Cir. 2010) (*quoting Parker v. Bagley*, 543 F.3d 859, 861 (6th Cir. 2008)). Thus, Rule 26(B) is an adequate and independent ground on which to find procedural default. *Id.; Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards,*  281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing*

*Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009).

Turner has not offered any excusing cause and resulting prejudice for his failure to file a timely 26(B) application. His claim of ineffective assistance of appellate counsel is therefore procedurally defaulted and should be dismissed with prejudice.

**Ground Two: Deprivation of Speedy Trial**

In his Second Ground for Relief, Turner claims he was deprived of his Sixth Amendment right to a speedy trial by the failure of the Common Pleas Court to resentence in a timely fashion after the case was remanded.

Factually, it is undisputed that Turner was not re-sentenced for nineteen months after his case was remanded. It is also true that Respondent has given no reasons explaining the delay. The question for this Court is whether the Second District's denial of this claim on the merits in *Turner II* is an unreasonable application of Supreme Court precedent. It is not because there is no Supreme Court precedent in point.

Petitioner's analysis revolves around the factors adopted by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514, (1972). There the Court announced a four-part balancing test to use in determining whether a defendant's right to a speedy **trial** has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Id.* at 530-32. But the Court has never applied *Barker* to delay in re-sentencing. In fact, it has expressly held the Sixth Amendment speedy trial guarantee does not apply once a defendant has been found guilty at trial or has pleaded guilty. *Betterman v. Montana,* 578 U.S. 968 (2016).

7

The reasons supporting the distinction are relatively obvious. A person who has only been charged and is awaiting trial may never be convicted, but to the extent he remains incarcerated pending trial, he is suffering the same deprivation of liberty as the convicted without having a jury determine his guilt.[1] Because human memories fade and witnesses are mobile, long delay may deprive a defendant of testimony he needs to combat the state's case. None of these factors apply when a defendant is, while waiting for re-sentencing, serving a prison term well within the term likely to be imposed on re-sentencing.

Petitioner emphasizes that he believed from the time *Turner I* was decided that he was entitled to a new trial. That was a mistake of law. As the Second District explained in *Turner II*, he was subject to resentencing because the decision in *Turner I* vacating the conviction for purposeful murder resurrected the conviction for felony murder:

> We have also explained that: "Where offenses are merged for sentencing and the conviction for the offense upon which the defendant was sentenced is vacated, the trial court must resentence the defendant on the offense that was merged with the vacated offense, again merging any offenses as appropriate." *State v. Baker*, 2d Dist. Greene No. 2017-CA-55, 2018-Ohio-1865, ¶ 22. We therefore find that Turner's guilty verdicts for felony murder and felonious assault remained intact after they merged with purposeful murder and were available for resentencing once the purposeful murder conviction was reversed.

*Turner II,* ¶ 11.

Because *Turner II* is not an objectively unreasonable application of the holding of any Supreme Court precedent, Ground Two should be denied on the merits and dismissed with prejudice.

---

[1] The Court intends no comment here that being jailed in a county jail and being imprisoned are exact equivalents.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 16, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge