# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TEVIUS STAFFORD TURNER,

        Petitioner,  :  Case No. 3:22-cv-303

- vs -          District Judge Walter H. Rice
        Magistrate Judge Michael R. Merz

WARDEN, Marion Correctional
  Institution,

                                :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought by Petitioner Tevius Turner under 28 U.S.C. § 2254 with the assistance of counsel to challenge his conviction in the Clark County Court of Common Pleas (Petition, ECF No. 1). The undersigned has recommended the Petition be dismissed ("Report," ECF No. 20), Petitioner has objected (ECF No. 25), and District Judge Rice has recommitted the case for consideration of the Objections (ECF No. 26).

**Litigation History**

It will be useful to expand here the litigation history given in the Report.

1

On November 18, 2016, Petitioner was engaged in an argument with Evan Stewart. At the critical moment, Stewart was a passenger in a car being driven by his cousin, Melody Turner[1]. Petitioner had followed Stewart out of a building in which Stewart had attempted unsuccessfully to cash a check to which Turner believed he was entitled. Stewart went to Melody's car and was seated in the front passenger seat while Melody was attempting to drive. Turner, having retrieved a handgun from his car, proceeded to Melody's car. With the gun in his right hand, he reached across Stewart with his left to try to grab the check. The gun discharged once; the bullet struck Melody in the head and killed her. Petitioner fled the scene and was arrested in Kentucky.

Petitioner was indicted on charges of aggravated murder, murder (purposeful), and felony murder, all with firearm specifications, together with charges of felonious assault, tampering with evidence, and improper handling of a firearm in a motor vehicle (Indictment, State Court Record ECF No. 8, Ex. 1).

> {¶ 14} The jury found Turner guilty of purposeful murder and felony murder with firearm specifications, felonious assault, tampering with evidence, and improper handling of a firearm in a motor vehicle. The jury acquitted him of aggravated murder. At sentencing, the trial court merged the purposeful murder, felony murder, and felonious assault offenses, and the State elected to proceed to sentencing on purposeful murder. The trial court imposed a prison term of 15 years to life for purposeful murder, with a three-year consecutive firearm specification. The trial court also imposed concurrent prison terms of 30 months for evidence tampering and 18 months for improper handling of a firearm in a motor vehicle, for an aggregate sentence of 18 years to life.

*Turner I*. On appeal Petitioner raised four assignments of error:

> First, he challenges the legal sufficiency of the State's evidence. Second, he contends the trial court erred in permitting a witness to refresh her recollection with an unauthenticated document. Third, he asserts the trial court erred in failing to provide jury instructions on

---

[1] Melody was not related to Petitioner. The facts in this paragraph are taken from *State v. Turner*, 2019-Ohio-144 (Ohio App. 2d Dist. Jan. 18, 2019)(Froelich, J.)("*Turner I*"), on Petitioner's direct appeal.

2

>reckless homicide and involuntary manslaughter. Fourth, he claims that the trial court erroneously failed to conduct a hearing on his challenge to the racial composition of the venire.

*Id.* at ¶ 15. While the Second District held there was sufficient evidence to support a purposeful murder conviction, it also held that evidence was such as to require a reckless homicide[2] instruction, sustained that assignment of error, and remanded "for further proceedings consistent with this opinion." *Id.* at ¶ 47.

The Court of Appeals acted on January 18, 2019 (State Court Record, ECF No. 8, Ex. 23, PageID 167). In March 2020 Petitioner moved to dismiss the murder charge for denial of his constitutional speedy trial rights. *Id.* at Ex. 24. The Common Pleas Court denied the motion and set the case for resentencing rather than a new trial, apparently based on the State's theory that, since only the purposeful murder conviction had been reversed, Turner could be re-sentenced on the undisturbed felony murder conviction. *Id.* at Ex. 26. The Common Pleas Court proceeded on that theory and re-sentenced Turner for felony murder. *Id.* at Ex. 28.

Turner appealed and the Second District affirmed his new conviction. *State v. Turner*, 2021-Ohio-2216 (Jun. 30, 2021)("*Turner II*"). It held the felony murder verdict survived the remand and that no new trial was required because reckless homicide is not a lesser included offense of felony murder. *Id.* at ¶ 12, relying on *State v. Owens*, 162 Ohio St.3d 596 (2020). It also held he was not prejudiced by the delay in re-sentencing. *Id.* at ¶ 18. The Ohio Supreme Court declined to exercise appellate jurisdiction (Entry, State Court Record, ECF No. 8, Ex. 39).

Turner's habeas corpus Petition in this Court pleads two grounds for relief:

>**Ground One:** Denial of the right to a trial by jury and the effective representation of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

---

[2] It also held an involuntary manslaughter instruction was not warranted on the evidence presented.

3

> **Ground Two:** Denial of speedy trial rights as guaranteed by the Sixth and Fourteen Amendments to the United States Constitution.

(Petition, ECF No. 1, PageID 6, 8).

The Report recommends rejecting the jury trial sub-claim in Ground One because the question of whether reckless homicide is a lesser-included offenses of felony murder is a question of Ohio law, answered definitively in this case by *Turner II* (Report, ECF No. 20, PageID 1364). Furthermore, the United States Supreme Court has never held that giving a lesser-included offense instruction is constitutionally mandated in a non-capital case. *Id.*

As to the ineffective assistance of appellate counsel sub-claim in Ground One, the Report recommends it be rejected as procedurally defaulted because it was never raised in a properly filed Application for Reopening under Ohio R. App. P. 26(B). *Id.* at PageID 1367.

In Ground Two, Petitioner claims he was denied his constitutional right to a speedy trial by the nineteen-month delay in re-sentencing. The Report recommends rejection of Ground Two because the Supreme Court of the United States has never held the constitutional right to a speedy trial applies to re-sentencing. *Id.* at PageID 1368.

## Analysis of Objections

**First Objection: Finding that ineffective assistance of appellate counsel claim is procedurally defaulted**

Petitioner first objects to the conclusion he procedurally defaulted his ineffective assistance of appellate counsel claim by not filing a 26(B) Application in the Second District. He claims the recommendation is "fundamentally unfair" because he sought a stay of these proceedings to return

4

to state court to proceed under 26(B)(Objections, ECF No. 25, PageID 1377, et seq.). Indeed, he claims he "is simply not free to return to State court without permission" from this Court by way of granting a stay, apparently under a theory that this Court and the Second District are competing sovereigns on this matter.

Petitioner relies on a substantially overbroad reading of *Rhines v. Weber*, 544 U.S. 269 (2005), for this position. Under that decision, district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. In recognizing that authority, however, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278.

Nothing in *Rhines* or any other Supreme Court decision known to the undersigned suggests that once a federal constitutional issue is raised in a habeas petition, the state court loses jurisdiction over that issue unless the federal court grants it permission to proceed. Indeed a

5

number of judges of this Court have recently denied stays in habeas cases despite the pendency of new state court proceedings permitted by *State v. Bethel*, 167 Ohio St. 3d 362 (2022). See *Conway v. Shoop,* 2023 WL 8711579 (S.D. Ohio Dec. 18, 2023); *Kinley v. Bradshaw*, 2023 WL 6057368 (S.D. Ohio Sept. 18, 2023), *Were v. Bobby*, 2023 WL 2522837, (S.D. Ohio Mar. 15, 2023) and *Conway v. Warden, Chillicothe Corr. Inst.*, 2023 WL 2527252, (S.D. Ohio Mar. 15, 2023).

Secondly, Petitioner's position on the stay is not a little disingenuous. The undersigned denied the requested stay as soon as the Magistrate Judge reference was transferred, November 6, 2023 (ECF No. 19). As that Decision noted, Ohio R. App. P. 26(B) has a ninety-day filing deadline measured from the date of the appellate judgment. This Court's denial of a stay was entered 769 days after the appellate judgment. *Id.* at PageID 1359. Even by Petitioner's "exclusive jurisdiction" theory, he could have filed a 26(B) application anytime between June 30, 2021, and filing the Petition here on October 26, 2022, 483 days later. As a collateral attack on the judgment, a "properly filed" (i.e. within ninety days) 26(B) application would also have tolled the statute of limitations under 28 U.S.C. § 2244(d)(2), *Morgan v. Eads,* 104 Ohio St. 3d 142 (2004), relieving the time pressure for filing the Petition and exhausting that remedy before filing here. As noted in the denial of stay, Petitioner has not explained any of his delay in filing a 26(B) application until he offered his "exclusive jurisdiction" theory in these Objections.

Third, Petitioner has waived any objection to the denial of a stay. The undersigned's Order doing so was entered November 6, 2023. Petitioner had the opportunity to file objections to that Order until November 30, 2023, per Fed.R.Civ.P. 72, but never did so.

Petitioner also objects that controlling authority, *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), dictates a finding of procedural default only if the State has an applicable procedural rule that was actually enforced against the Petitioner which is both adequate and independent of

6

federal law and where the failure to comply is not excused. Petitioner does not contest that the 90-day rule exists and that the Sixth Circuit has repeatedly held it to be adequate and independent. That court has also repeatedly held that the rule has been consistently enforced. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards,* 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009). There is little doubt that the Second District would enforce the timeliness rule if Petitioner now filed a 26(B) application.

Petitioner's objection to procedural default of his ineffective assistance of appellate counsel sub-claim should be overruled.

**Second Objection: Reckless Homicide as a Lesser-Included Offense**

Petitioner also objects to the Report's reliance on the conclusion that reckless homicide is not a lesser-included offense of felony murder (Objections, ECF No. 25, PageID 1380). However, that is a question of Ohio law on which the Second District based its decision in this case. We are bound by that decision. *Bradshaw v. Richey*, 546 U.S. 74 (2005). The second objection should therefore be overruled.

**Third Objection: The Merits of the Ineffective Assistance of Appellate Counsel Claim**

Petitioner's Third Objection is that no explanation has been made by the State of Ohio, the Common Pleas Court, or his own counsel about why nothing was done in his case for nineteen

7

months after remand (Objections, ECF No. 25, PageID 1380). While that is true, the Magistrate Judge notes that Petitioner himself did nothing to seek further action in the case until the COVID-19 lockdown in March 2020.

Although no explanation of the delay has been provided, the Second District in *Turner II* provides the basis for denying Petitioner's ineffective assistance of appellate counsel sub-claim. Petitioner claims his appellate counsel provided ineffective assistance by not raising the absence of a reckless homicide as a lesser-included offense instruction as an assignment of error. To prove a claim of ineffective assistance of counsel, a petitioner must show both deficient performance of his attorney and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668 (1984). *Turner II* holds reckless homicide is not a lesser included offense of felony murder. *Turner II* at ¶ 12, citing *Owens, supra.* If Turner had no right to a reckless homicide instruction, it cannot have been ineffective assistance of appellate counsel to have failed to complain of the lack of such an instruction. Petitioner's Third Objection should therefore also be overruled.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends the Petition be dismissed, that Petitioner be denied a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 31, 2024.

8

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
